Edmund Z. Hirschberg, Petitioner *v.* Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania, Department of Transportation), Respondents.

Submitted on briefs November 16, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Charles E. Wasilefski,* with him *Thomas G. Paese, Foulkrod, Peters & Wasilefski,* for petitioner.

*John W. English, Jr.,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., April 17, 1984:

Edmund Z. Hirschberg (claimant) appeals from a Workmen's Compensation Appeal Board order which affirmed a referee's denial of benefits because of claimant's failure to prove he sustained a compensable injury under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1]

On March 3, 1980, claimant filed a claim petition against the Pennsylvania Department of Transportation (employer or DOT) alleging he was totally disabled by stress resulting from his supervisors' ha-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

rassment, intimidation and discriminatory treatment. From July 1978 until his dismissal in January 1979 for unsatisfactory work performance, claimant was employed in DOT's Bureau of Advance Planning as a Planning Analyst III. Claimant, who has a history of chronic anxiety neurosis, asserts that his supervisors' mistreatment of him, whether actual or merely imagined, aggravated his pre-existing neurosis thus rendering him totally disabled.

The referee denied the claim finding that claimant currently suffers from a disabling anxiety neurosis that is not causally related to his employment because the supervisors never actually mistreated claimant. The board affirmed the referee's order, refusing to award benefits "on the basis of a [c]laimant's distorted perception of his employment situation."

Mental illness can be a compensable injury[2] if it arises in the course of employment and is related thereto. *Kitchen v. Workmen's Compensation Appeal Board (Mesta Machine Company)*, 73 Pa. Commonwealth Ct. 289, 458 A.2d 631 (1983). Claimant must prove, however, that the work situation exacerbated his pre-existing neurosis, thereby rendering him disabled from mental illness. *See Wynn v. Workmen's Compensation Appeal Board (DOT)*, 77 Pa. Commonwealth Ct. 631, 466 A.2d 769 (1983). When, as here, there is no obvious causal relationship between a claimant's work and injury, unequivocal medical testimony is necessary to establish the causal connection. *Kitchen.* Because of the highly subjective

---

[2] Section 301(c) of the Act defines "injury" in part as an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury . . . .

nature of mental injuries, an injury's occurrence and cause must be specifically delineated. *Id.* And, since claimant did not prevail below, our scope of review is limited to determining if the referee's factual findings are consistent with each other and with the conclusions of law and can be sustained without capriciously disregarding competent evidence. *Id.*

Questions of credibility and the choice between conflicting testimony are for the referee, *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board (Jakel)*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977), and the referee did not capriciously disregard testimony showing that claimant's disabling psychiatric illness resulted from *actual* work-related occurrences (*i.e.*, the supervisors' abusive conduct) which aggravated claimant's pre-existing anxiety neurosis. The referee simply chose to believe the employer's testimony that claimant was not, in actuality, mistreated by his supervisors. The referee's rejection of claimant's testimony in favor of employer's is not capricious disregard of evidence, but is a credibility determination which this Court will not disturb. *See Wynn.*

Relying upon the unrebutted deposition testimony of his treating psychiatrist, claimant next asserts that his honest, albeit mistaken, *perception* of job-related harassment exacerbated his pre-existing anxiety neurosis thus constituting a disabling injury under section 301(c) of the Act. The issue, then, is whether claimant must prove actual, or merely perceived, job harassment in order to establish the requisite causal connection between his work and his mental illness. Employing the subjective standard urged by claimant, an individual could recover benefits absent actual, stressful work-related incidents; the effect of the subjectively perceived work environment would

therefore be critical in determining whether a disabling mental injury is compensable.[3]

In *Thomas v. Workmen's Compensation Appeal Board (Atlantic Refining Company)*, 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980), we rejected an employe's contention that his daily fear of re-experiencing another workplace explosion and fire constituted a compensable injury. After emphasizing the highly subjective nature of psychiatric injuries, whose occurrence and cause must therefore be adequately pinpointed, we stated "that evidence of an employee's subjective reaction to being at work and being exposed to normal working conditions is [not] an injury under the Act." *Id.* at 456, 423 A.2d at 788. Under *Thomas,* therefore, a claimant must establish that his mental condition was aggravated or precipitated by actual, and not merely perceived or imagined, employment events.

We conclude, therefore, that an honest, but mistaken, perception of job harassment that aggravates a pre-existing anxiety neurosis and which results in disability, is not an injury under Section 301(c) of the Act. Claimant's distorted, subjective reactions to his work cannot alone provide the necessary causal relationship between his employment and his mental disability.

Accordingly, we affirm.

---

[3] Claimant's argument tracks the Michigan Supreme Court's holding in *Deziel v. Difco Laboratories, Inc.*, 403 Mich. 1, 268 N.W. 2d 1 (1978) which adopted a subjective standard (*i.e.*, the effect of the perceived work environment on a claimant) rather than an objective standard (*i.e.*, the effect of the actual work environment on the average employe). In *Deziel*, the Michigan court held that a claimant is entitled to compensation for mental injuries if he honestly perceives that an injury occurred during the ordinary course of employment and caused his disability, even though his subjective perception of the work environment as the actual cause of his injury is mistaken.

584

ORDER

AND Now, this 17th day of April, 1984, the order of the Workmen's Compensation Appeal Board at No. A-81980, dated September 30, 1982, is affirmed.