Samuel Moonblatt, Petitioner *v.* Workmen's Compensation Appeal Board (City of Philadelphia), Respondents.

Argued June 7, 1984, before Judges MACPHAIL, COLINS and PALLADINO, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner.

*Michael David Eiss,* with him, *Herbert J. Bernstein,* Assistant City Solicitor, for respondents.

OPINION BY JUDGE PALLADINO, September 12, 1984:

Samuel Moonblatt (Claimant) seeks review of a decision by the Workmen's Compensation Appeal Board (Board) which reversed the decision of a referee who awarded Claimant disability benefits.

Claimant, an attorney, was employed by the City of Philadelphia (City) in varying capacities from 1975 through 1981. On April 28, 1981, Claimant was admitted to the Philadelphia Psychiatric Hospital where he remained until June 13, 1981, and continued to be treated as an outpatient thereafter. Claimant alleges that the pressures imposed upon him by his work for the City, and his assignment to a small office which he was required to share with his secretary, caused him to suffer a compensable injury under the Workmen's Compensation Act (Act),[1] and that as a result of this injury Claimant is totally disabled.

The referee received testimony from Claimant's treating physician, a psychiatrist, and reviewed a report submitted by a psychologist who examined the Claimant at the City's request. The referee found Claimant's physician's testimony credible in that Claimant suffered a major depression which was caused by his work and which has rendered Claimant totally disabled. The referee also accepted the *psychologist's* opinion that a relationship existed between Claimant's disability and his work. The psychologist's belief that Claimant could handle the duties of counsel to a law firm and return to work, the referee found not to be credible.

The referee awarded Claimant benefits for total disability and the Board reversed. Citing *Thomas v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980), the Board

---

[1] Act of June 2, 1915 P.L. 736, *as amended*, 77 P.S. §§1-1603.

found that Claimant "failed to show that he suffered from anything other than a subjective reaction to being at work and being exposed to normal working conditions."

The Board's scope of review, like ours, where the party with the burden of proof prevails before the referee, is limited to determining whether an error of law was made or if a necessary factual finding is not supported by substantial evidence. *Elliot v. Workmen's Compensation Appeal Board,* 72 Pa. Commonwealth Ct. 195, 455 A.2d 1299 (1983). Whether or not an injury is compensable is a question of law and therefore reviewable by the Board. *Firestone Tire & Rubber Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 142, 396 A.2d 902 (1979). We agree with the Board that *Thomas* does indeed stand for the proposition cited, *i.e.,* failure to show more than a subjective reaction to being at work and being exposed to normal working conditions will not support a finding that the claimant sustained a compensable injury under the Act.

This Court recently reaffirmed *Thomas'* rationale in a case whose facts closely parallel those in the case at bar. In *Hirschberg v. Workmen's Compensation Appeal Board,* 81 Pa. Commonwealth Ct. 579, 583, 474 A.2d 82, 85 (1984), Judge ROBERT W. WILLIAMS, JR. succinctly summarized *Thomas,* precepts: "Under *Thomas,* therefore, a claimant must establish that his mental condition was aggravated or precipitated by actual, and not merely perceived or imagined, employment events." We agreed with the Board that when Claimant's work load and office arrangements are viewed in an objective light, they cannot be said to constitute anything other than normal working conditions. Having concluded that Claimant had not sustained a compensable injury, the Board properly re-

versed the referee's decision and we now affirm the Board.[2]

ORDER

AND Now, September 12, 1984, the decision of the Workmen's Compensation Appeal Board, No. A-84287, is affirmed.

---

[2] The Board also found that Claimant did not give his employer notice of his injury within the 120 day time limit imposed by Section 311 of the Act (77 P.S. §631). Inasmuch as we agree with the Board in that Claimant did not sustain a compensable injury under the Act we need not address the issue of notice.