528 A.2d 302

John H. Kane, Petitioner *v.* Workmen's Compensation Appeal Board (Williamsport Automotive), Respondents.

Submitted on briefs November 17, 1986, to Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John M. Humphrey, Rieders, Travis, Mussina, Humphrey & Harris,* for petitioner.

*Matthew D. Dempsey, Lenahan & Dempsey, P.C.,* for respondent, Williamsport Automotive.

OPINION BY JUDGE PALLADINO, July 14, 1987:

John H. Kane (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order awarding compensation for the period July 12, 1983 to February 4, 1984.

Petitioner filed a claim petition alleging that he sustained a compensable psychological injury as a result of harassment in the course of his employment with Williamsport Automotive (Employer). Petitioner alleged that as of July 12, 1983 he was totally disabled from his job as an office manager. Several hearings before a referee were held. The referee found that Petitioner suffered from pre-existing psychological problems which were aggravated by unusual and objective stressful events at Petitioner's job with Employer. However, the referee also concluded that the Employer established that any disability of Petitioner after February 4, 1984 was not due to a work-related injury but was due to his pre-existing mental condition.

Petitioner appealed to the Board which affirmed the decision of the referee. On appeal to this court, Petitioner asserts that the Board erred in affirming the referee because substantial evidence does not exist to support the conclusion that Petitioner's disability was no longer work-related as of February 4, 1984.

To establish entitlement to benefits for a mental illness the claimant must establish that it arose in the course of employment and is related thereto. *See Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980). However, the claimant must show more than a subjective reaction to being at work and being exposed to normal working conditions to sustain the burden of proving a

compensable injury under the Law.[1] *Moonblatt v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 85 Pa. Commonwealth Ct. 128, 481 A.2d 374 (1984). In order for a claimant with a pre-existing mental illness to prove a compensable injury, the work situation must have exacerbated the pre-existing mental illness thereby rendering the claimant disabled. *Hirschberg v. Workmen's Compensation Appeal Board (Department of Transportation)*, 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984).

In the case at bar, the referee concluded that Petitioner met his burden of proving a compensable psychic injury:

> In this case I found the testimony of the claimant and his witnesses convincing that the work situation was unusual such that it caused disability. I felt Dr. Peterson was convincing that the claimant was disabled due to a condition precipitated by work. I thought that the youthful age of the new boss, a new computer and a change of duties were significant [sic] objective stressful events which triggered disability. The claimant had pre-existing conditions. In fact his present disability was described by him as very similar to one he suffered in 1975. I felt the claimant met the burden of showing he suffered an injury which resulted in disability, namely an aggravation of a pre-existing condition.

However, the referee also concluded that as of February 4, 1984, Petitioner's disability was no longer work related:

> I found the testimony of Dr. Hume very persuasive. In my view Dr. Hume was persuasive as to the diagnosis and to the fact that the claimant's

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1603.

disability when he saw him was due to a manifestation of his long term problems and not due to work. Therefore I thought the defendant did establish that the claimant's disability from February 4, 1984 was due to the pre-existing condition and no longer due to a work problem. While I felt that the work problems were objective enough to meet the *Hirschberg* test, I did not think they were so unusual as to cause a continuing disability and felt Dr. Hume's opinion was persuasive in that regard.

Petitioner contends that there is no substantial evidence to support the conclusion that his disability as of February 4, 1984, was no longer work-related.

Our review of the record reveals that Dr. Hume examined Petitioner on February 4, 1984 and testified as to the result of that examination:

Q. Doctor, based upon your review of the records and your review of the testimony, along with your interview with the Claimant, did you reach an opinion as to whether or not the Claimant was disabled?

A. Yes, I did.

Q. What was that?

A. Certainly at the time I saw him I would find Mr. Kane was disabled.

. . .

Q. Do you have an opinion within a reasonable degree of medical certainty whether the work that he performed and the situtation [sic] he was involved in at work in any way caused his disability?

A. Yes, I do.

Q. What is that?

A. My opinion is that the work situation is not responsible for the disability. There is a problem with his subjective perception of the work situation . . . To respond to that by becom-

ing disabled or unable to work certainly is not a usual or normal response, but is a reflection of his pre-existing personality disorder and a combination of some of the other problems, the difficulties in his marriages, the loss of the grandchild by being burned up in a fire, and the chronic use of alcohol and medication which were being used right straight along in order to control his level of anxiety.

(N.T. at 42-45.)

Questions of credibility and choice between conflicting testimony are for the referee. *Hirschberg.* The referee has broad discretionary powers, and may accept or reject the testimony of any witness in whole or in part. *Matlack v. Workmen's Compensation Appeal Board (Zwald),* 90 Pa. Commonwealth Ct. 196, 494 A.2d 510 (1985). Here, the referee chose to accept the testimony of Dr. Hume who opined that Petitioner's disability was not work-related. The aforementioned testimony of Dr. Hume supports the referee's conclusion that as of February 4, 1984, Petitioner's disability was not work-related and therefore no longer compensable.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, July 14, 1987, the order on the above-captioned matter of the Workmen's Compensation Appeal Board is affirmed.