542 A.2d 646

Philadelphia Gear Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Tell), Respondents..

Argued February 24, 1988, before Judges CRAIG and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard S. March,* with him, *Paul J. Senesky, Galfand, Berger, Senesky, Lurie & March,* for petitioner.

*John Gerard Devlin,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 10, 1988:
Before the Court is the appeal of Philadelphia Gear Corporation, Employer, seeking review of an order of

the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Florence Ella Tell, widow of Edward W. Tell, deceased, Employee. We affirm.

Decedent, Edward W. Tell, was 49 years of age on October 2, 1981, when he suffered a fatal heart attack while at work on the premises of Employer. His employment as a magnaflux inspector covered the period from June of 1979 when a pre-employment physical examination by Employer revealed that he was suffering from hypertension. The referee made the following significant findings:

10. Claimant, Florence E. Tell, testified that prior to the fatal heart attack of decedent on October 2, 1981, decedent worked overtime on a continual basis, every day—five days a week.

11. Decedent's overtime was confirmed by his supervisor, Ray Nall, who testified that decedent was working 'a little over 50 hours a week in September, 1981' and by the pay stubs issued to decedent by Philadelphia Gear Corporation.

Claimant, widow, testified to visible changes in decedent's appearance and behavior when he began work for Employer, compared with her observations as to his apparent "good frame of mind" and happy attitude in his prior employment. Defendant also exhibited signs of worry and tension which he attributed to job stress and harassment by his supervisor who worked for Employer. The referee specifically accepted the testimony of Claimant as "truthful, credible and persuasive." Finding of Fact No. 15. Susan Hartman, daughter of decedent, lived with him until shortly before he died and testified as to decedent's constant concern "about being laid off at Philadelphia Gear Corporation and was pressured about the overtime the decedent had been working at Philadelphia Gear Corporation." Finding of Fact No.

17. Her testimony was also found by the referee to be "truthful, credible and persuasive." Finding of Fact No. 18.

> The referee also made the following finding:
>
> 24. Alvin Soffe, M.D., testified on behalf of the Claimant after reviewing all of the then available medical records and testimony, including all records maintained by Philadelphia Gear Corporation on the decedent.

The referee made a finding illustrating the outstanding qualifications of Dr. Soffe. Finding of Fact No. 25. He specifically rejected the medical testimony offered by Employer and the testimony of decedent's supervisor, Ray Nall.

On the question of causal relationship, the referee found:

> 26. Dr. Soffe testified that it was in his unequivocal opinion that the myocardial infarction suffered by the decedent arose in the course of his employment at Philadelphia Gear Corporation and was causally related to his employment, and 'that the continuous stress caused by the management of Philadelphia Gear Corporation, with knowledge of Edward Tell's medical condition, was the cause of the myocardial infarction which occurred while he was at work.'
>
> 27. The Referee finds that the testimony, reasoning and expertise of Alvin Soffe, M.D. were most credible and persuasive, and adopts the opinion of Dr. Soffe as to causation.
>
> 35. The Referee finds that the decedent's fatal heart attack was precipitated by occupational stress which occurred while in the course of his employment for the Defendant, Philadelphia Gear Corporation.

The referee's Conclusions of Law include his conclusion that "the fatal coronary of the Claimant's decedent was precipitated by occupational stress incurred in and during the course of his employment . . . ," and that Claimant's cardiologist had "established, by unequivocal and substantial competent evidence, that there was a direct causal relationship between the anxiety and stress of the decedent's employment and the fatal coronary he sustained at his place of employment on October 2, 1981." Conclusions of Law Nos. 3-4.

On this appeal, Employer's principal contentions are (1) that the referee's findings supporting the award are based upon hearsay testimony, (2) that the causal relationship found by the referee is predicated upon medical testimony in response to an objectionable hypothetical question, in that the hypothetical question included certain hearsay testimony, and (3) the type of stress which caused the decedent's fatal heart attack is not compensable.

These questions were dealt with by the Board in its opinion as follows:

> The issue raised on appeal by the Defendant is that the opinion of Claimant's expert, Dr. Alvin Soffe, was based on uncorroborated hearsay testimony. The decedent's wife and daughter testified that the decedent was upset by overtime, harassment by his supervisor, denial of a pay raise, and imminent lay-offs. They also described decedent's sleeping and eating habits as changing as well as his personality. Company records showed that the decedent worked ten (10) hours overtime per week (his shift was a 10-hour shift) and that he was denied a pay raise. We consider the witnesses' descriptions of decedent's change of habits and company records to sufficiently corroborate their hearsay testimony. . . .

The Defendant also argues that decedent's subjective reaction to stress is not compensable, citing Kitchen v. Workmen's Compensation Appeal Board, 458 A.2d 631 and Hirschberg v. Workmen's Compensation Appeal Board, 474 A.2d 82. Both cases dealt with psychiatric injuries and are distinguishable on those grounds. We know of no cases extending that standard to heart attack cases.

We agree with the Board and will affirm.

As to Employer's hearsay contentions, we first note the similarity of this case with one cited by the Board, *North Schuylkill School District v. Workmen's Compensation Appeal Board (Bobiak)*, 83 Pa. Commonwealth Ct. 506, 477 A.2d 910 (1984), where it was held that corroborated hearsay was competent evidence. Furthermore, much of the hearsay contained and forming the basis for the opinion of Dr. Soffe was simply not objected to in a manner that would exclude it from consideration. It must be remembered that Section 422 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §834 specifically provides as follows:

> Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same.

In *Borough of Morrisville v. Workmen's Compensation Appeal Board (Grant)*, 54 Pa. Commonwealth Ct. 41, 419 A.2d 813 (1980), a principal issue, as here, was the validity of the hypothetical question. With regard to the hearsay question raised there, we stated:

> However, we must further agree with both the Board and referee that appellant's objection to

the hypothetical was insufficient . . . But appellant failed to raise at that time the specific elements of the question which he now alleges to be improper. In our opinion appellant had a duty to designate those elements at the remand hearing, thereby giving the claimant an opportunity to correct the hypothetical if, in fact, it was defective. Castor v. Ruffing, 178 Pa. Super. Ct. 124, 112 A.2d 412 (1955).

We find no such appropriate form of objection in the reproduced record in this case; only the specific single word "objection." R.R. 131-a.

Furthermore, pursuant to the legislative mandate that liberality in the admission of evidence should prevail, our appellate courts have held that in workmen's compensation cases hearsay testimony, if relevant and material to the facts at issue, may be considered for the additional light it sheds on the matter. *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972); *Voitek TV Sales & Service, Inc. v. Workmen's Compensation Appeal Board (Brunges)*, 71 Pa. Commonwealth Ct. 475, 455 A.2d 265 (1983); *Huff v. Workmen's Compensation Appeal Board (Ingalls Steel)*, 70 Pa. Commonwealth Ct. 646, 453 A.2d 753 (1982); *Chelden Radio Cab Co. v. Workmen's Compensation Appeal Board (Horrath)*, 10 Pa. Commonwealth Ct. 478, 310 A.2d 726 (1973).

We wish to particularly note that some of the testimony of Claimant and her daughter which Employer designates as inadmissible hearsay, is not hearsay at all, but in much of their testimony they are describing visible changes in decedent's appearance and behavior; it is upon some of this testimony as well as the corroborative hearsay that Dr. Soffe predicated his unequivocal opinion on causal relationship. For example, Dr. Soffe testified as follows:

. . . It is, therefore, my opinion that the continuous stress caused by the management of the Philadelphia Gear Corporation, with knowledge of Edward Tell's medical condition, was the cause of the myocardial infarction which occurred while he was at work.

Q. Dr. Soffe, is it your unequivocal opinion that the myocardial infarction suffered by Mr. Tell arose in the course of his employment and was causally related to his employment?

A. It is.

We note that Dr. Soffe's testimony is uncontradicted as well as being unequivocal, since Employer offered no medical testimony.

Finally, we consider Employer's contention, rejected by the Board, that death here should not be compensable under the authority of our decisions in *Hirschberg v. Workmen's Compensation Appeal Board (Com., Dept. of Tr.),* 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984); and *Kitchen v. Workmen's Compensation Appeal Board (Mesta Machine Co.),* 73 Pa. Commonwealth Ct. 289, 458 A.2d 631 (1983). We agree with the Board that there is no merit in this contention. Both of these cases were involved with stress and a mental condition developing therefrom and falling within the scope of our decision in *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980), where we observed that

Due to the highly subjective nature of psychiatric injuries, the occurrence of the injury and its cause must be adequately pinpointed.

55 Pa. Commonwealth Ct. at 455, 423 A.2d at 787.

Also, in both *Hirschberg* and *Kitchen,* our Court was affirming decisions by referees and the Board against the claimant and there was countervailing testimony by the employers which was accepted.

70

There is no question, of course, that injuries caused by stress are compensable, particularly where the injury or an injury causing death, as in this case, is a physical result from the stress, such as a heart attack or heart death, so that injury or death caused by work-related stress has never been questioned by our appellate courts as a basis for an award of benefits in workmen's compensation cases. *Krawchuk v. Philadelphia Electric Co.*, 479 Pa. 15, 439 A.2d 627 (1981); *Griesinger v. Workmen's Compensation Appeal Board (Atlantic Richfield Co.)*, 94 Pa. Commonwealth Ct. 332, 503 A.2d 1016 (1986); *Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 82 Pa. Commonwealth Ct. 390, 476 A.2d 1377 (1984); *McDonough v. Workmen's Compensation Appeal Board (Com. of Pa.)*, 80 Pa. Commonwealth Ct. 1, 470 A.2d 1099 (1984); *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Teitt)*, 59 Pa. Commonwealth Ct. 558, 430 A.2d 399 (1981).

Accordingly, for the reasons stated, we will affirm.

ORDER

Now, June 10, 1988, the order of the Workmen's Compensation Appeal Board, No. A-90650, dated May 26, 1987, is hereby affirmed.