548 A.2d 1344

Ollie R. Williams, Petitioner *v.* Workmen's Compensation Appeal Board (Philadelphia National Bank and Liberty Mutual Fire Insurance Company), Respondents.

*John F. McElvenny,* for petitioner.

*Patrick R. Vitullo, LaBrum and Doak,* for respondents, Philadelphia National Bank and Liberty Mutual Insurance Company.

OPINION BY SENIOR JUDGE NARICK, October 21, 1988:

Ollie R. Williams (Petitioner) has petitioned for review of an order of the Workmen's Compensation Ap-

peal Board (Board) reversing a referee's grant of compensation.

Petitioner was employed by Philadelphia National Bank (Employer). In August, 1982, Petitioner filed a claim petition alleging that she suffered a work-related injury in April, 1979, such injury being psychological and physical problems diagnosed as agoraphobia with panic attacks. Petitioner's claim petition stated that the injury resulted from work pressures over a five to six year period and culminated in total disability as of August 17, 1979. In its answer to Petitioner's petition, Employer specifically pled, as a bar to Petitioner's claim, the statute of limitations found in section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602.

The referee awarded benefits, concluding that Petitioner's psychiatric injury was work-related and compensable.[1] The referee stated in finding of fact number 9: "The Referee accepts the credible testimony of Claimant that the Defendant did not provide adequate personnel, supervisory and logistical assistance to the Claimant and that Claimant was thus subjected to abnormal stress and job duties not normally required of similarly situated employees during her employment

---

[1] With regard to Employer's statute of limitations defense, the referee made the following findings of fact:

5. Said injury rendered Claimant partially disabled from April, 1979 through April, 1980, and totally disabled from April, 1980 to present.

. . .

7. While Claimant was aware of the physical symptoms of her injury as early as April, 1979, Claimant was not aware and was not diagnosed as suffering from job-related stress or anxiety until May, 1982.

8. On June 2, 1982, Claimant, through her attorney, gave Defendant written notice of Claimant's injury and the cause thereof.

with the Defendant." Employer appealed to the Board, and the Board reversed, concluding that Petitioner's claim was barred by the applicable statute of limitations, as interpreted by this Court in *Young v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa. Commonwealth Ct. 356, 509 A.2d 945 (1986), and that Petitioner had not provided any objective evidence of abnormally stressful working conditions, as required by our decision in *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa. Commonwealth Ct. 471, 497 A.2d 290 (1985). Petitioner has appealed to this Court, asserting that the referee's decision was supported by substantial evidence and the Board's conclusions of law were erroneous. Although we believe both conclusions of the Board are correct, we affirm on the ground that Petitioner failed to meet her burden of proof.

Our review of the record establishes that there is no objective evidence of abnormally stressful working conditions. While Petitioner herself testified regarding the pressure she felt when faced with deadlines and mandatory overtime work without additional compensation when it was necessary to locate and correct errors before the end of a business day, there simply is no evidence that these working conditions were unusual, or that Petitioner was discriminated against in terms of being subjected to extra work or longer hours. Rather, as was the case in *Russella*, we discern no *objective* evidence establishing abnormal working conditions. Such objective evidence must be presented in order for a claimant to prevail in a psychiatric injury case. *Kane v. Workmen's Compensation Appeal Board (Williamsport Automotive)*, 107 Pa. Commonwealth Ct. 360, 528 A.2d 302 (1987); *Pate v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 104 Pa. Commonwealth Ct. 481, 522 A.2d 166, *petition for allowance of appeal de-*

*nied,* 517 Pa. 611, 536 A.2d 1335 (1987), *cert. denied,* U.S.    , 108 S.Ct. 1025 (1988); *Russella.*

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, October 21, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.