549 A.2d 1365

Zetta L. Kemp, Petitioner v. Workmen's Compensation Appeal Board (Elkland Electric Company, Inc.), Respondents.

Submitted on briefs September 13, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

24

William A. Hebe, Spencer, Gleason & Hebe, for appellant.

Robert F. Cox, Sr., with him, William R. Stokes, II, Cox and Cox, P.C., for appellee.

OPINION BY JUDGE DOYLE, November 9, 1988:

This is an appeal by Zetta L. Kemp (Claimant) from an order of the Workmen's Compensation Appeal Board which affirmed the decision of the referee dismissing Claimant's claim petition.

The referee found that on May 15, 1985 Claimant filed a claim petition alleging that she had sustained a work-related psychic injury caused by her employment with Elkland Electric Company (Employer) or rather, as will be explained, her unemployment with Employer. Claimant had been employed as a bookkeeper by Employer for more than ten years. She testified that she was in good health until she read in a newspaper article that her job would be eliminated because her Employer was going to computerize her department. Subsequent conversations with Employer confirmed this information and Claimant learned she would be terminated from her job in March of 1985. Following the receipt of that

information Claimant began to exhibit certain symptoms including sleeplessness, colitis, loss of weight, depression, chest pains and discomfort. She was upset over the loss of her job because it was her only source of income and she did not know if other employment would be available to her. Employer explained to Claimant that her job was being phased out not because of her work but because the company was computerizing its bookkeeping operations and reassured her that she was a good bookkeeper.

Claimant had seen Dr. Curtis P. Swagler, her treating physician, as early as June of 1984. At that point she expressed concern over the possible loss of her job. She was also concerned that her only son was leaving for school and that she would be alone and unemployed. Although Claimant indicated the existence of some chest pain at the time, the doctor did not feel it was cardiovascular in nature. In March of 1985, however, Claimant was having tachycardia (*i.e.* relatively rapid heart action) which the doctor related to stress and depression and the anxiety of losing her job. Dr. John Steele, Employer's medical expert, examined Claimant on November 21, 1985. He, too, noted physical symptoms, but believed they were not caused by Claimant's job but her anxiety over her future.

The referee specifically found that Claimant had had no difficulty performing her job duties. It was not until her employment relationship was in jeopardy that Claimant began to experience problems. After considering all of this testimony, the referee determined that the Claimant's problems were based upon anxieties over the loss of her job and not the job itself. Therefore, he determined that she had failed to meet her burden of proof to show that she sustained a compensable injury

and dismissed her petition. The Board affirmed and this appeal ensued.[1]

Claimant contends first that certain of the referee's findings are not supported by substantial evidence. Specifically, she asserts that Dr. Steele was not Board "certified" as found by the referee, but only Board "qualified." We agree with Claimant that the record reflects that Dr. Steele was indeed Board qualified rather than Board certified. Normally, we would vacate and remand because of the possibility that the referee misunderstood and, hence, improperly weighed the evidence of record. In this instance, however, we believe that even Claimant's own medical evidence establishes as a matter of law that no work-related injury occurred. Therefore, the referee's error is of no consequence.

Despite Claimant's contentions to the contrary, the record evidence indicates that Claimant exhibited certain physical symptoms but that those symptoms were due to her anxiety over her future, not her job performance. Further, the evidence reveals that Claimant suffered no inability to perform her work duties and there is no indication that she was mistreated in any way by Employer while at work. Claimant does contend that she was forced to work alongside the individual with computer skills who would be replacing her. She makes this statement in her brief. A review of the record indicates, however, that she made no such statement in her testimony indicating only that this new employee worked in a room separate from Claimant and that Claimant had no contact with her.

It is well settled that where an employee seeks workmen's compensation benefits alleging a psychic in-

---

[1] Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

jury, the injury must arise in the course of employment and be related thereto, and its occurrence must be adequately pinpointed. *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980). There must also be objective evidence unequivocally establishing a causal connection between the claimant's injury and her employment. *Id.* Further, the claimant must demonstrate that the injury was not due to a subjective reaction to normal working conditions. *Thomas; Hirschberg v. Workmen's Compensation Appeal Board (Department of Transportation),* 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984).

It is the opinion of this Court that being laid off because of modernization is, in fact, a normal working condition. We therefore believe that Claimant, in exhibiting certain physical symptoms as a reaction to this condition, did not demonstrate her entitlement to benefits.[2]

Having determined that Claimant failed to meet her burden of proof as a matter of law, we must affirm the order of the Board.

## ORDER

NOW, November 9, 1988, the order of the Workmen's Compensation Appeal Board in the above captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[2] We make it clear that there was no inability on the part of Claimant to perform her job duties. She at no time expressed any dissatisfaction with her job duties nor did she ever indicate any maltreatment by Employer.

We recognize that our decision is contrary to *Helen J. Kelly's Case,* 394 Mass. 684, 477 N.E. 2d 582 (1985). That case, however, turned upon the judicial precedent of Massachusetts. Its case law does not require an unusual or abnormal work event in order for an employee to obtain benefits for a psychic injury. *See id.*