606 A.2d 597

**TRANS FREIGHT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (CANADA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1992.

Decided March 19, 1992.

Richard D. Harburg, for petitioner.

Larry Pitt, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

Trans Freight (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which granted benefits to Theodore Canada.

On May 23, 1988, Canada filed a claim petition alleging that on April 13, 1988, he became disabled due to injuries to his back, right knee, and right foot while working for Employer. On March 15, 1990, the referee granted Canada's claim petition and made the following relevant findings of fact and conclusions of law:

### Findings of Fact

5. Claimant sought the care of Dr. Natawadee Steinhouse.

6. Dr. Steinhouse's diagnosis of the Claimant was status post fracture of the right foot, right knee tendonitis, status post trauma with sprain and strain and lumbosacral sprain and strain with radiculopathy.

. . . .

8. Dr. Steinhouse opined that there is a direct causal relationship between the diagnoses and the incident. The doctor further opined that the Claimant is unable to return to his pre-injury position.

9. Dr. R.N. Rosenfeld examined the Claimant for the Defendant [Trans Freight].

10. Dr. Rosenfeld opined that the Claimant had a healed avulsion fracture of the tarsal navicular bone of the right foot, healed contusion of the right knee, had a mild lumbosacral strain and a possible peripheral nerve injury of the right foot and ankle.

11. As of April 13, 1988, Dr. Rosenfeld found no objective evidence to support a continuing disability. There was no evidence to restrict Claimant from performing even heavy labor.

. . . .

13. The Defendant presented the testimony of Richard Behringer, Mark Edward Kaminski and Robert Waters. They testified that the Claimant was reprimanded for poor job performance. The Claimant was put on probation as a result of the reprimands and later fired (for poor job performance).

14. The Referee accepts the testimony of Dr. Steinhouse.

15. The Referee rejects the testimony of Dr. Rosenfeld and Dr. Horstman [another doctor who testified for the Employer].

16. The Referee rejects the testimony of Mr. Behringer, Mr. Kaminski and Mr. Waters.

17. Based on substantial competent medical proof the Referee finds:

(a) Claimant suffered a status post fracture of the right foot, right knee tendonitis, status post trauma

with sprain and lumbosacral sprain and strain with radiculopathy as a result of an accident on April 13, 1988 that occurred in the normal course of his employment.

(b) Claimant's physical condition has prevented him from returning to his pre-injury position....

## Conclusions of Law

2. The Claimant has established with his own testimony and that of [a] competent expert that he became disabled due to his injuries on April 13, 1988.

3. Claimant is entitled to compensation ... from April 13, 1988 and continuing into the indefinite future....

First, Employer contends that the referee erred in rejecting the medical opinions of Dr. Rosenfeld and Dr. Horstmann because the opinion of Dr. Steinhouse, the medical opinion accepted by the referee, did not contradict the opinions of Dr. Rosenfeld and Dr. Horstmann that Claimant was not disabled as of July 1988 and May 1988, respectively. Unless the Board takes evidence, the referee is the ultimate fact finder in a workmen's compensation case and, as such, the referee has the sole prerogative of assessing credibility and resolving conflicts in testimony and may accept or reject, in whole or in part, the testimony of any witness. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *petition for allowance of appeal granted*, 527 Pa. 594, 588 A.2d 915 (1991). A referee's acceptance of the medical opinion of one expert medical witness over another is within his or her prerogative and does not constitute reversible error. *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo-Tech)*, 104 Pa.Commonwealth Ct. 290, 521 A.2d 980 (1987).

We have reviewed the entire record and can find nothing suggesting that the referee erred in accepting Dr. Steinhouse's testimony. Moreover, contrary to Employer's argument, Dr. Steinhouse's opinion did in fact contradict the opinions of Dr. Rosenfeld and Dr. Horstmann on the date of

Claimant's disability. Dr. Steinhouse's testimony, when read as a whole, reveals that she opined that Claimant suffered from a continuing disability from the first day she saw him in May of 1988. Therefore, since the referee did not err in exercising her prerogative to accept the opinion of Claimant's expert over the opinions of Employer's medical experts, *Bruckner*, Employer's contention must fail.[1]

Employer further contends that the referee erred in failing to make findings on Claimant's temporary return to work after the date of his accident. We agree. Claimant testified that he returned to work for a period of time after his injury. The referee, however, failed to make critical findings of fact concerning when Claimant returned to work, what wages Claimant was paid, when Claimant stopped working, and why Claimant stopped working. We must, therefore, remand to the referee for findings on these questions.

Further, if the referee finds that Claimant was paid wages for the period in question, the referee should then determine if Claimant's benefits for the time he worked are to be modified or suspended.[2]

---

1. The record demonstrates that both Claimant and Employer introduced medical evidence into the record. Hence, there is no issue as to whether the referee capriciously disregarded competent evidence when she rejected the testimony of Employer's medical experts. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988); *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

2. A suspension of benefits is supported by a finding that a claimant's earning power is no longer affected by his disability, whether it arises from an employer offering suitable alternate employment, or from the ability of the claimant to secure employment that provides equal or greater compensation. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). Payments of compensation must be suspended when the disability is not reflected in loss of wages. *Johnson v. Workmen's Compensation Appeal Board*, 36 Pa.Commonwealth Ct. 527, 388 A.2d 767 (1978). However, if a claimant's returns to work at a lower wage than his or her pre-injury wage, the claimant has suffered a loss of earning power and is entitled to an award of partial disability benefits. *See Modern Cooler Co. v. Work-*

Accordingly, the Board's order is affirmed insofar as a work related injury existed and is vacated insofar as it granted benefits for the specific dates when Claimant worked. This case is remanded for further proceedings consistent with this opinion.

## ORDER

NOW, March 19, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed insofar as a work-related injury existed and is vacated insofar as it granted benefits for the specific dates when the Claimant worked. This case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

*men's Compensation Appeal Board,* 18 Pa.Commonwealth Ct. 22, 333 A.2d 811 (1975).