624 A.2d 738

**Rita MELE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNIONTOWN HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1993.

Decided April 14, 1993.

10. As we noted in *Frymiare,* the employer has an absolute obligation to pay interest on medical bills.

Eric P. Betzner, for petitioner.

David H. Dille and Pamela G. Cochenour, for respondent.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Rita Mele (Claimant) appeals from an order entered on July 21, 1992 by the Workmen's Compensation Appeal Board (Board) which reversed the decision of the referee. The Board denied the Claimant's petition seeking to recover for a psychiatric disability which occurred while she was employed as a chief medical technologist by Uniontown Hospital (the Hospital).

The principal issue is whether the objective working conditions in Claimant's job were so abnormal as to be a legal cause of her depression. We agree with the Board's conclusion that

the job conditions were not shown to be so abnormal. Therefore, we affirm the decision of the Board denying benefits.

Claimant also argues, for the purpose of preserving a right to further review by the Supreme Court, that we should modify the existing standard, as set forth in *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990), of determining whether a worker's mental disability is job-related. However, we decline to do so in this case.

■ Both the Claimant and the Hospital presented evidence before the referee. Therefore, our standard of review is limited to determining whether there was a violation of the Claimant's constitutional rights, whether the Board committed an error of law and whether any necessary finding of fact is supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987); and Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. We examine the record under these standards.

Following three hearings, the referee filed an opinion and order awarding workmen's compensation disability benefits for mental injury to Claimant and made the following Findings of Fact:

1. The claimant, Rita Mele, filed an Employees' Claim Petition for compensation under the Pennsylvania Workmen's Compensation Act against the Defendant, Uniontown Hospital, for compensation for an alleged work-related stress reaction and depression condition sustained by the claimant on August 29, 1988. The petition was filed on or about December 2, 1988.

2. The Defendant, Uniontown Hospital, and its workmen's compensation insurance carrier, Phico Insurance Company, filed a timely and responsive Answer to the subject claim petition denying the pertinent allegations contained therein.

3. The claimant, Rita Mele, is now 42 years of age, having been born on June 14, 1947. The claimant is unmarried and has no dependents.

4. The claimant, Rita Mele, was employed by the defendant, Uniontown Hospital, for 23 years. Her last position was that of a chief medical technologist, a position which she began in August of 1980. The claimant remained in that position until August 29, 1988, earning an average weekly wage of $624.99.

5. Based upon consideration of all testimony and evidence of record in this case and based upon the sufficient, competent and credible evidence of record in this case from the claimant, Rita Mele, her treating physician, Dr. Carey McMonagle, and her psychiatrist, Dr. Robert G. Bowman, upon whose testimony and evidence your Referee relies, your Referee finds as a fact that on August 29, 1988, the claimant became hospitalized as a result of stress and depression caused by a significant change in the claimant's working conditions.

6. Your Referee finds as a fact that the claimant suffered an injury as a result of being informed that her job position as chief medical technologist was being eliminated due to a reorganization in her department. The claimant was advised by her supervisor, Dr. William Grossman, that her job was being eliminated and that the claimant would have to apply in competition with other people for various other positions while being continued as an employee.

7. Your Referee specifically finds as a fact that the claimant suffered stress and depression which led to her being unable to continue her employment at the Uniontown Hospital in any capacity as a result of the changes in her job duties. Your Referee further finds that the sudden change in the claimant's job duties after 23 years of employment, the last 8 of which in the same position, constituted an abnormal working condition and that the claimant has adequately pinpointed an objective cause of the mental injury that she sustained.

8. Your Referee further finds that the claimant had previously experienced stress on her job as a result of treatment of her supervisor, Dr. William Grossman, but finds that the change in the claimant's job responsibilities on August 29,

1988 was the final and precipitating factor in causing the claimant's disability.

Findings of Fact Nos. 3–8.

The Referee also made the following Conclusion of Law:

2. The claimant has proven by substantial, competent and credible evidence that she sustained an injury in the course of her employment and related thereto. The more competent, credible and substantial evidence of record establishes that the claimant suffered a mental injury as a result of an objective reaction to abnormal working conditions.

Conclusion of Law No. 2.

Following appeal of the referee's decision, the Board determined that the referee had made an error of law in concluding "that the claimant suffered a mental injury as a result of an objective reaction to abnormal working conditions." The Board reversed the referee and denied benefits.

■ The question of whether a claimant has been exposed to abnormal working conditions causing a job-related disability is a mixed question of law and fact reviewable by this Court. *Jeanes Hospital v. Workmen's Compensation Appeal Board (Miller)*, 141 Pa.Commonwealth Ct. 308, 595 A.2d 725 (1991), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992).

Most of the factual details leading to the Claimant's disability are undisputed.

The Claimant had been employed by the Hospital for twenty three years. She commenced working as a chief medical technologist in August, 1980 and continued in that capacity until August 29, 1988. In this position, she was responsible for supervising up to fifty employees. Initially, her direct supervisor was Vincent Good, the laboratory manager. In June 1986, Dr. Grossman became director of the laboratory. About six months later, Dr. Grossman began to eliminate some of Claimant's job responsibilities.

In 1988, Claimant began to receive medical treatment for a pre-existing gastric problem which was not job-related.

Claimant testified that when she attempted to take time off for treatment, Dr. Grossman complained. On August 29, 1988, Dr. Grossman called claimant into his office and advised her that a new chain of command had been established in the laboratory and that her job had been eliminated. The Vice President of Personnel then advised Claimant that she would be able to continue as an employee and would be able to apply for jobs in the laboratory as they became available.

That evening, Claimant became extremely distraught and depressed, took an excessive amount of pills and was admitted to the hospital with what her physician said was "a suicide gesture." Her psychiatrist stated that her condition was "an adjustment disorder of adult life." R.R. p. 128. Claimant remained in the hospital for several days. She has not worked for the Hospital since August 29, 1988. As noted, the referee entered a finding, based upon the testimony of Claimant's physicians, that her hospitalization was a result of stress and depression caused "by a significant change in the claimant's working conditions" [1] and that the sudden change in her job duties "constituted an abnormal working condition." Finding of Fact No. 7. The referee awarded compensation for total disability through September 26, 1989 and for partial disability thereafter.

Upon review, the Board determined that the referee committed an error of law in concluding that the Claimant had met her burden of proving that her psychological disability resulted from an abnormal working condition.

In *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990), the Supreme Court, quoting *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa.Commonwealth Ct. 471, 497 A.2d 290 (1985), *petition for allowance of appeal denied*, 516 Pa. 637, 533 A.2d 95 (1987), stated as follows:

A claimant's burden of proof to recover workmen's compensation benefits for a psychiatric injury is therefore twofold; he must prove by objective evidence that he has suffered a

1. Finding of Fact No. 5.

psychiatric injury and he must prove that such injury is *other than a subjective reaction to normal working conditions.*

*Martin,* 523 Pa. at 519, 568 A.2d at 164–65 (quoting *Russella,* 91 Pa.Commonwealth Ct. at 475–76, 497 A.2d at 292) (emphasis added).

In support of claimant's argument that she was faced with an abnormal working condition caused by the elimination of her job functions, she contends that she was the only employee in the entire department whose employment was placed "in limbo"; i.e. that on the one hand she was told that her position had been eliminated, but on the other hand was required to report for work with "no truly defined function or role." Respondent's Brief at 20. Claimant relies in part upon *Bevilacqua v. Workmen's Compensation Appeal Board (J. Bevilacqua Sons, Inc.),* 82 Pa.Commonwealth Ct. 511, 475 A.2d 959 (1984) and *Leo v. Workmen's Compensation Appeal Board (Borough of Charleroi),* 114 Pa.Commonwealth Ct. 6, 537 A.2d 399 (1988), where benefits were awarded following a change in job duties. However, in both of these pre *Martin* cases, the job stress was attributable to an *increase* in job responsibilities. In *Bevilacqua,* the claimant had worked for twenty years as a supervised production worker and then had changed to a managerial position. In *Leo,* a Borough street worker was promoted to police officer. Here, we agree with the Board that Claimant failed to establish that her disability was other than a subjective reaction to normal working conditions. In the every day workplace, employees as here are constantly faced with job changes and even with lay-offs because of changing work procedures or economic conditions. A great number of these changes, although understandably traumatic for the individuals directly affected, can hardly be characterized as anything other than "normal," and are compensated, if at all, by unemployment compensation rather than workmen's compensation.

We believe that this case is controlled by the following cases, all of which involved changes in working conditions which were found not to be abnormal. *Driscoll v. Workmen's*

*Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 206, 578 A.2d 596 (1990) (Pittsburgh Fire Department supervisor demoted to union position with loss of seniority); *Kemp v. Workmen's Compensation Appeal Board (Elkland Electric Co.)*, 121 Pa.Commonwealth Ct. 23, 549 A.2d 1365 (1988), *petition for allowance of appeal denied*, 523 Pa. 652, 567 A.2d 655 (1989) (bookkeeper laid off due to department computerization); *Squilla v. Workmen's Compensation Appeal Board (Marple Township)*, 146 Pa.Commonwealth Ct. 23, 606 A.2d 539 (1992) (police officer reprimanded for inadequate number of traffic stops); and *Martin* (professional fund raiser demoted to a less prestigious job).

Accordingly, for the reasons stated, we affirm.

### ORDER

AND NOW, this 14th day of April, 1993, we affirm the order of the Workmen's Compensation Appeal Board, dated July 21, 1992 at A90–1278.