647 A.2d 275

**William KELLY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PEPSI COLA BOTTLING CO. OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 1, 1994.

Decided Aug. 17, 1994.

Thomas F. McDevitt, for petitioner.
Annabelle Cedar, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

William Kelly (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) reversing the referee's grant of benefits on the grounds that Claimant did not provide timely notice of his injury as required by Section 311 of The Pennsylvania Workmen's Compensation Act (Act).[1] We reverse.

Claimant worked as a driver-salesman with Pepsi Cola Bottling Company of Philadelphia (Employer) for approximately thirty years, until his last day of work on July 19, 1988. On January 12, 1989, Claimant filed a claim petition alleging total disability in the nature of a heart condition caused by over exertion in the course of his employment. In its answer, Employer denied the allegations in Claimant's petition, and hearings were held before a referee.

The following facts are summarized from Claimant's testimony. On July 18, 1988, while stacking pallets weighing from fifty to one hundred pounds, Claimant began to experience pain in his chest. Claimant rested until the pain subsided and then continued working until he completed his shift. Claimant experienced intermittent discomfort through the night which increased the following morning. On July 19, 1988, Claimant reported to work at approximately 5:30 a.m.. When his pain worsened, Claimant advised his supervisor of his problem. Claimant declined the supervisor's offer to call for emergency assistance and instead returned home to call his treating cardiologist, Richard Vassalo, M.D., who admitted Claimant to Nazareth Hospital that day. Claimant was discharged July

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 631, which states in pertinent part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe ... shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

23, 1988 and was prescribed cortisone and nitroglycerin. Claimant was readmitted to the hospital on December 13, 1988 for three days, after which Dr. Vassallo prescribed an increased dosage of cortisone and nitropatches. Dr. Vassallo has not released Claimant to return to work.

Claimant submitted a claim for compensation to Employer and received a Notice of Compensation Denial. In November of 1988 Claimant inquired about his pension rights. He applied for his pension in February of 1989, retired effective June 19, 1989, and received his first pension check in August of 1989.[2] Claimant admitted he had not attempted to obtain further employment, but stated that he would have sought work had he been able to perform it. Claimant specifically denied receiving any offer of light duty work from Employer since July 19, 1988.

Jay H. Davidson, M.D., examined Claimant on April 13, 1989. Dr. Davidson stated that the results of an electrocardiogram administered on that date confirmed that Claimant had suffered a previous antero-septal infarction. He noted that abnormalities had been found in an electrocardiogram in 1987, after which Claimant had been referred for a cardiac consultation, but stated that Claimant experienced no symptoms at that time and continued working. Dr. Davidson also testified that, while Claimant was initially diagnosed at Nazareth Hospital with unstable angina, the hospital records for his subsequent admission indicated a history of myocardial infarction in July of 1988.

Dr. Davidson stated that Claimant is unable to perform the hard physical work required of his prior job and that Claimant's ability limits him to performing non-stressful sedentary work. He opined that Claimant's exertion at work on July 18, 1988 was the precipitating factor that produced his disability.

Employer presented the testimony of John Helwig, Jr., M.D., who examined Claimant on May 9, 1989. Dr. Helwig reviewed Employer's report of occupational injury and dis-

2. Claimant testified that he also applied for Social Security disability benefits in February of 1989 which he still receives.

ease, hospital records, Dr. Vassallo's records, and Claimant's testimony before the referee. He concluded that Claimant had experienced a heart attack in 1987 or earlier, even if Claimant remembered no symptoms. Dr. Helwig diagnosed Claimant as having unstable angina and agreed that Claimant should not return to his previous occupation. However, Dr. Helwig stated that Claimant's disability was caused by progressive coronary artery disease, not Claimant's work activities.

Additional witnesses for Employer testified that Claimant was offered light duty work and that Claimant made no mention of his disability at his retirement party. Employer also presented testimony regarding its retirement policy and Claimant's application for retirement. Employer's personnel coordinator, Ruby Robertson, confirmed that Claimant had received a Notice of Compensation Denial from Employer.

The referee found Claimant's testimony credible and convincing. The referee also found credible Dr. Davidson's testimony that Claimant suffered from coronary insufficiency, angina, and a subsequent myocardial infarct and that Claimant's disability was caused by his exertion at work on July 18, 1988.

The referee accepted Dr. Helwig's testimony as credible only to the extent that it agreed with Dr. Davidson's opinion and found his testimony less credible and less persuasive where it conflicted with Dr. Davidson's testimony. The referee found Employer's testimony unconvincing regarding available light duty work and the motives behind Claimant's retirement.

The referee concluded that Claimant sustained his burden of establishing that he suffered from a work-related disability, he provided timely notice to Employer, and he has not willingly withdrawn from the work force by reason of his retirement.

Employer appealed to the Board, raising several issues. First, Employer asserted that Claimant failed to meet the notice requirements under Section 311 of the Act. Employer argued that advising a supervisor of a "problem" does not constitute notice and that Employer first received notice that

Claimant believed his injury was work-related when the claim petition was filed in January of 1989, beyond the 120 day notice requirement.

The Board agreed and reversed the referee's decision. The Board concluded that Claimant's discussion with his supervisor was legally insufficient to meet the notice requirement under Section 311 of the Act and stated that, other than this discussion, there is no additional evidence that Employer was advised that Claimant believed his chest problem was work related.[3]

Claimant appealed to this Court, arguing that the Board erred in disturbing the findings of the referee, which were based on determinations of credibility and supported by substantial evidence.

The Board's scope of review, where the party with the burden of proof prevails before the referee, is the same as our own, and is limited to determining whether an error of law was made or whether necessary findings of fact are supported by substantial evidence. *Moonblatt v. Workman's Compensation Appeal Board (City of Philadelphia)*, 85 Pa.Commonwealth Ct. 128, 481 A.2d 374 (1984). Furthermore, it is well established that, unless the Board takes additional evidence, the referee is the ultimate fact finder in a workmen's compensation case and has the sole prerogative of assessing credibility and resolving conflicts in testimony. *Trans Freight v. Workmen's Compensation Appeal Board (Canada)*, 146 Pa.Commonwealth Ct. 490, 606 A.2d 597 (1992). The referee may accept or reject, in whole or in part, the testimony of any witness. *Id.*

Whether Claimant gave notice to Employer in compliance with Section 311 is a question of fact for the referee. *Leber v. Workman's Compensation Appeal Board (Yellow Freight)*, 156 Pa.Commonwealth Ct. 491, 628 A.2d 481 (1993). In this case, the referee's conclusion of law that Claimant gave timely notice to Employer is actually a finding of fact. The referee did not refer to all of the evidence which supports this

3. The Board did not address the other issues raised by Employer.

finding, but neither this omission nor the wrong designation of the finding constitutes reversible error.

After careful review of the record we conclude that it contains substantial evidence establishing that Claimant satisfied the 120 day notice requirement under Section 311 of the Act. In addition to testifying that he informed his supervisor of his problem, Claimant stated that he filed a claim for compensation with Employer and subsequently received a Notice of Compensation Denial. This testimony was corroborated by Employer's personnel coordinator and was found credible by the referee. The record indicates that the Notice of Compensation Denial was filed on August 24, 1988, well within the 120 day limit.[4] As substantial evidence exists that Claimant provided notice as required under Section 311 of the Act, the Board erred in reversing the referee on this issue.[5]

Employer notes that, even if we reverse the Board on the issue of notice, this Court is entitled to affirm the Board on different grounds. *Avalotis Painting v. Workmen's Compensation Appeal Board,* 153 Pa.Commonwealth Ct. 511, 621 A.2d 1167 (1993). Employer argues that we should affirm the Board's decision based upon issues previously raised but not addressed by the Board.

Employer first maintains that we should affirm the Board's decision because the referee's finding that Claimant sustained a work-related injury is not supported by substantial evidence. Employer also argues that Claimant is not entitled

4. Employer contends that we are precluded from considering this evidence because Claimant failed to introduce it as such during the hearings before the referee. However, as Employer filed the notice with the Bureau of Worker's Compensation, it is part of the official record of this case and properly reviewable by the referee, the Board, and this Court. 34 Pa.Code § 131.52(c). Accordingly, Employer's petition to strike Appendix C of Claimant's brief, a copy of the Notice of Compensation Denial, is dismissed as moot.

5. As the record contains more evidence on the question of notice than Claimant's conversation with his supervisor, we need not decide whether such conversation alone constitutes legally sufficient notice to Employer.

to compensation because his wage loss results from voluntary retirement, not disability.

The referee accepted as credible the testimony of Claimant, Dr. Davidson, and Dr. Helwig, rejecting as less credible Dr. Helwig's testimony regarding causation. The referee rejected Employer's testimony concerning an offer of light duty work and the reasons for Claimant's retirement. Employer asks us to review the testimony of Claimant and other witnesses and substitute our findings of fact and determinations of credibility for those made by the referee.

■ Where the referee's findings are based upon evidence which a reasonable mind might accept as adequate to support the conclusion reached, this Court is precluded from disturbing those findings, even if contrary evidence is presented. *Gateway Coal Co. v. Workmen's Compensation Appeal Board (Laboda)*, 138 Pa.Commonwealth Ct. 332, 588 A.2d 73, *petition for allowance of appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991). In this case, the testimony accepted by the referee is competent, substantial evidence which adequately supports his findings.

■ Lastly, Employer asserts that, in the event we reverse the Board's decision, it is entitled to receive credit for payments made to Claimant in the nature of union disability benefits and retirement benefits. Pa. R.A.P. 1551 provides in pertinent part that "[n]o question shall be heard or considered by the court which was not raised before the governmental unit...." A review of the record indicates that Employer failed to raise this issue before the Board; thus, we are precluded from reaching its merits. *Smith v. Workmen's Compensation Appeal Board (Dept. of Labor)*, 159 Pa.Commonwealth Ct. 171, 632 A.2d 1033 (1993).

Accordingly, we reverse the decision of the Board.

### *ORDER*

NOW, August 17, 1994, the order of the Workmen's Compensation Appeal Board, dated March 3, 1994, at A–93–0379, is reversed. The petition of Pepsi Cola Bottling Company of

Philadelphia to strike Claimant's Exhibit C is dismissed as moot.