601 A.2d 1331

**Robert D. REIGLE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FEDERAL EXPRESS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 1991.

Decided Jan. 8, 1992.

John C. Lyons, for petitioner.

Charles F. McElwee, for respondent.

Before COLINS and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Robert D. Reigle appeals from an order of the Workmen's Compensation Appeal Board (WCAB) affirming a referee's denial of benefits for mental injuries allegedly caused by stress from his job with Federal Express (Fed Ex). We affirm.

Reigle came to work part-time for Fed Ex during the height of the Christmas season. After three days of training, Fed Ex sent him out alone to make deliveries. Reigle failed to complete all the "priority one"[1] deliveries before the deadline. He became worried. Michael Shannon, his supervisor, told him not to worry because this was expected

---

1. The "priority one" service offered by Fed Ex delivers packages at an extra charge by 10:00 a.m.

of trainees, but Reigle continued to be tense and nervous. The next day, Reigle turned in his uniform and informed Shannon he could not take the pressure.

Lawrence Altaker, M.D., a board-certified psychiatrist, treated Reigle and diagnosed him as suffering from major depression. Dr. Altaker opined that Reigle's job at Fed Ex precipitated his depression.

Although unequivocal medical evidence supported finding that Reigle suffered an injury in the course of his employment,[2] the referee denied benefits because Reigle failed to prove that abnormal working conditions caused his disability. The WCAB affirmed.

On appeal,[3] Reigle argues that because he proved a relationship between work and his injury, the referee and the WCAB erred in requiring proof of abnormal working conditions.[4] We do not agree.

In *Martin v. Ketchum Inc.*, 523 Pa. 509, 568 A.2d 159 (1990), our Supreme Court adopted the standard of proof we enunciated in *Thomas v. Workmen's Compensation Appeal Board (Atlantic Refining Co.)*, 55 Pa.Commonwealth Ct. 449, 423 A.2d 784 (1980). The claimant not only must prove that he suffered a mental injury, he also must show that the injury was caused by other than a subjective reaction to normal working conditions. *Id.* Working conditions must cause the mental injury, but the claimant bears the burden of proving that these working conditions were abnormal.

Reigle argues that this "heightened burden of proof," *Waldo v. Workmen's Compensation Appeal Board*

2. Section 301(c)(1) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

3. Our scope of review is limited to determining violations of constitutional rights, errors of law, violations of agency practice and procedure and whether findings of fact are unsupported by substantial evidence. 2 Pa.C.S. § 704.

4. The finding of an abnormal working condition for purposes of determining whether a mental injury is compensable is a mixed question of fact and law. *Marsico v. Workmen's Compensation Appeal Board (Department of Revenue)*, 138 Pa.Commonwealth Ct. 352, 588 A.2d 984 (1991).

*(Erie Metropolitan Transit Authority),* 136 Pa.Commonwealth Ct. 264, 266, 582 A.2d 1147, 1148 (1990), deprives him of equal protection of the law,[5] because other types of injuries only require that a claimant prove a causal connection between his employment and injury.

Because Reigle does not claim that he is the victim of a distinction which disadvantages him as a member of a suspect class, his equal protection argument must be evaluated pursuant to the rational basis standard. *See Fortson v. Crime Victim's Compensation Board,* 98 Pa.Commonwealth Ct. 272, 512 A.2d 734 (1986), *appeal denied,* 513 Pa. 635, 520 A.2d 1386 (1987). Under this standard, his argument fails unless he establishes the absence of *any* rational basis to justify not employing the heightened burden of proof in this type of case.

In *Martin,* the Supreme Court explained its reason for using a heightened burden of proof, stating:

> Abandoning the distinction between normal and abnormal working conditions, as the Appellant urges us to do, would eliminate the element of causation. It would destroy the fundamental principle underlying the scheme of the Workmen's Compensation Act—that, in order to be compensable, an injury must be work-related. Under the Appellant's theory, a claimant would have to establish only the employee suffered from a mental illness while employed and that the illness was a condition created or aggravated by that employee's perception of the conditions of his employment. That would reduce workmen's compensation benefits to nothing more than a disability or death benefit payable only because of the employee status of the claimant—and not because the injury was caused by his employment.

*Id.* 523 Pa. at 517–18, 568 A.2d at 165.

Although, at least in theory, one could debate the question of whether the Supreme Court's holding in *Martin* is correct as a matter of Pennsylvania workmen's compensa-

5. U.S. Const. amend. XIV.

tion law,[6] Justice Zappala's majority opinion clearly express-
es a rational basis for its holding. Therefore, we can find
no equal protection violation here.

Reigle also argues the wisdom of requiring proof of
abnormal working conditions through objective testimony
because courts have failed to recognize that psychiatric
opinions themselves are subjective and what is "abnormal,"
is itself subjective. Reigle asserts that there is no method
to determine what is abnormal *to him.*

■ In *Supinski v. Workmen's Compensation Appeal
Board (School District of Philadelphia),* 133 Pa.Common-
wealth Ct. 631, 577 A.2d 944 (1990), we held that a claimant
cannot rely solely upon his own account of the working
environment to meet the burden of showing that a psychiat-
ric injury was not caused by a subjective reaction to normal
working conditions. *See also Andracki v. Workmen's
Compensation Appeal Board (Allied Eastern States
Maintenance),* 96 Pa.Commonwealth Ct. 613, 508 A.2d 624
(1987). Normally a claimant's testimony of abnormal work-
ing conditions must be corroborated. *Russella v. Work-
men's Compensation Appeal Board (National Foam Sys-
tems, Inc.),* 91 Pa.Commonwealth Ct. 471, 91 Pa.Cmwlth.
471, 497 A.2d 290 (1985).

However, we distinguished the *Russella* line of cases in
*Archer v. Workmen's Compensation Appeal Board (Gen-
eral Motors),* 138 Pa.Commonwealth Ct. 309, 587 A.2d 901
(1991), and did not require corroborative testimony in cer-
tain instances. In *Archer,* the testimony of the claimant
was not limited to her *belief* that the working conditions
were abnormal. The claimant testified as to actual events
which the referee credited as being abnormal working con-
ditions. The WCAB reversed because there was no corro-
borative testimony. We held that "[w]hile objective evi-
dence may well be necessary where an employee is describ-
ing subjective feelings, no such evidence is necessary where
*actual events* are being described." *Id.,* 138 at 320, 587
A.2d at 907 (emphasis added).

6. *See Waldo* 136 Pa.Cmwlth. at 269 n. 6, 582 A.2d at 1150 n. 6.

■ Reigle neither introduced any testimony from co-workers which would demonstrate that he was subjected to abnormal working conditions nor did he testify to any *events* which the referee found rose to the level of abnormal working conditions.[7] Therefore, the referee and the WCAB correctly applied our Supreme Court's holding in *Martin* in holding that Reigle failed to introduce sufficient evidence to meet his burden of proof. Reigle's argument that this burden should be reduced must be directed to the Supreme Court, because we are bound by *Martin.*

We affirm.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.

### ORDER

We affirm the order of the Workmen's Compensation Appeal Board.

---

7. Reigle argues for the first time before us that the "abnormal" working condition requirement is not found in the Act. Because this issue was argued neither before the referee nor the WCAB, Reigle has waived this argument. *DeMarco v. Jones & Laughlin Steel Corp.,* 513 Pa. 526, 522 A.2d 26 (1987).