632 A.2d 1048

Jean E. PRZYCHODZKI, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(WYETH LABORATORIES), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1993.

Decided Oct. 20, 1993.

Joseph F. Mulcahy, Jr., for petitioner.

Charles S. Katz, Jr., for respondent.

Before COLINS, and McGINLEY, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Jean E. Przychodzki (claimant) petitions for review of the September 4, 1992 order of the Workmen's Compensation Appeal Board (Board) reversing the referee's grant of benefits, because claimant did not present substantial evidence that her alleged work-related psychiatric injury was other than a subjective reaction to normal working conditions.

Claimant worked for Wyeth Laboratories (employer) from 1956 until January 8, 1990. Initially, she worked as a packager; in 1961, she became a capsule machine operator; on January 2, 1990, she became a stock attendant. Claimant changed jobs in 1990 after learning that her job as a capsule machine operator was being abolished. She bid for the job of stock attendant without knowing what the job entailed. Claimant's duties as a stock attendant included moving 200 pound drums by hand and with electric lift trucks, dismantling and washing heavy machinery with acid and steam, and ensuring that workers in her department were stocked with supplies. Claimant did not know how to operate the lift trucks, how to use the tools necessary in her new job, or how to dismantle and properly clean the machinery. Additionally, she was afraid of the acid and live steam. Although she

requested assistance in learning the job, no instruction was given.

At the end of her first day as a stock attendant, claimant went home upset and sick. She was unable to sleep or eat, because she could not stop thinking about the job and about her fear that she would be hurt or ruin the machinery. Each day until January 8, 1990, she asked her supervisor for assistance and instruction, but none was forthcoming. Each day until January 8, 1990, she returned home upset and unable to eat or sleep. On January 8, 1990, while at work, claimant's chest began to hurt, and she feared that she was having a heart attack. Unable to breathe, she went to employer's nurse, who administered a tranquilizer, took claimant's blood pressure, and determined that her blood pressure was "sky high." Taken by the nurse to the personnel department, claimant was informed that she would be laid off if she could not do her job.

During the proceedings before the referee, claimant testified, presented the testimony of a co-worker, Joseph Maclone (Maclone), and presented the deposition testimony of her family physician, Robert A. Smith, M.D. (Dr. Smith). Maclone testified regarding the duties of a stock attendant and his observations of claimant performing that job. Dr. Smith testified that he had been treating claimant since January 8, 1990, for depression caused by work-related stress. When he saw her initially, he advised her to stop working, and he prescribed prozac, an anti-depressant. He also testified that although claimant could not return to her job as a stock attendant, she probably could work for employer in another capacity, and she could work for a different employer.

Employer presented the testimony of Gladys S. Fenichel, M.D. (Dr. Fenichel), a psychiatrist. She examined claimant on October 31, 1990 and observed no signs of depression or anxiety. She also testified, however, that prozac, which claimant testified she was taking, alleviates the symptoms of depression. Dr. Fenichel opined that "on October 31st, there was no evidence of any disabling psychiatric condition that

would prevent her from working in her position [for employer]." (Deposition of January 4, 1991, p. 16).

Finding claimant, Maclone, and Dr. Smith credible, the referee concluded that claimant met her burden of proving that she suffered a work-related injury. He further concluded that claimant was disabled on January 8, 1990 and that the disability continued. The referee concluded additionally, that claimant's disability resulted from work-related stress which was due to the change in her job duties, which change constituted abnormal working conditions. He ordered that benefits be paid effective January 8, 1990 for so long as claimant remained disabled because of her work-related injury.

Employer appealed to the Board, alleging that numerous findings of fact were not supported by substantial evidence. After reviewing the record, the Board agreed and reversed the referee. According to the Board, the claimant did not present objective evidence to support her claim of a work-related injury. The Board opined:

> In Finding of Fact Nos. 14 [sic] the Referee found that [Maclone] presented credible evidence to substantiate the alleged psychiatric injury. This evidence was not objective evidence as found by the Referee. Claimant simply reacted to normal working conditions for her job.... In Finding of Fact No. 16 the Referee found that Claimant's change in her job and working conditions were [sic] abnormal. No substantial evidence in the record supported the Referee's finding. An employee's stress because the plant was being closed or a change in her job, whether it be a demotion or a promotion, are not extraordinary events which could be considered abnormal working conditions.

In her timely appeal to this Court, claimant queries whether the Board erred in concluding that there is not substantial evidence to support the findings of the referee. This Court's "scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substan-

tial evidence." *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 150 Pa. Commonwealth Ct. 395, 398–99 n.4, 615 A.2d 975, 977 n.4 (1992), *petition for allowance of appeal granted*, 533 Pa. 664, 625 A.2d 1196 (1993).

Claimant's burden of proof is "two-fold; [she] must prove by objective evidence that [she] has suffered a psychiatric injury and [she] must prove that such injury is other than a subjective reaction to normal working conditions." *Martin v. Ketchum, Inc.*, 523 Pa. 509, 519, 568 A.2d 159, 164–65 (1990). The cause of a psychiatric injury must be adequately pinpointed because of the subjective nature of such injuries. *Martin; Thomas v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980). Psychiatric injury cases, therefore, are highly fact sensitive. *Blecker v. Workmen's Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 141 Pa. Commonwealth Ct. 317, 595 A.2d 729 (1991).

This Court has adopted the following test for determining whether a psychiatric injury is compensable.

> [W]hen there is no physical injury as precursor to the mental injury, . . . the claimant must prove either (1) that actual extraordinary events occurred at work which caused the trauma and that these specific events can be pinpointed in time, or (2) that abnormal working conditions over a longer period of time caused a psychiatric injury.

*Lowe v. Workmen's Compensation Appeal Board (Lowe's Auto Sales, Inc.)*, 152 Pa. Commonwealth Ct. 450, 456, 619 A.2d 411, 414 (1992). "[W]e have directed our attention to distinguishing between what actually took place at the work place and what was a subjective reaction to those real events. Only when we are satisfied that the actual events could cause a psychic injury, have we held that benefits were proper." *Calabris v. Workmen's Compensation Appeal Board (American General Companies)*, 141 Pa. Commonwealth Ct. 405, 413, 595 A.2d 765, 769 (1991). Whether specific working conditions can be considered abnormal is a mixed question of law and

fact subject to appellate review, because that determination "is simply a deduction from other facts and is purely the result of legal reasoning." *City of Scranton v. Workmen's Compensation Appeal Board (Hart)*, 136 Pa. Commonwealth Ct. 483, 490 n.3, 583 A.2d 852, 856 n.3 (1990), *petition for allowance of appeal denied*, 528 Pa. 625, 597 A.2d 1154 (1991); *see Martin.*

Claimant argues that the Board erred, when it concluded that she could not rely solely upon her own account of her working environment, and when it concluded that the testimony of Maclone was not objective evidence. Relying on *Archer v. Workmen's Compensation Appeal Board (General Motors)*, 138 Pa. Commonwealth Ct. 309, 587 A.2d 901 (1991), claimant argues that this Court has "held that where actual events or abnormal working conditions are described by the Claimant, her testimony need not be corroborated." (Claimant's brief, p. 12). Claimant also argues that although her testimony was sufficient to establish her psychiatric injury, she presented the corroborating testimony of Maclone, which testimony was incorrectly deemed not objective by the Board.

Our review of the record reveals that there is not substantial evidence to establish that a psychiatric injury occurred. As we stated *supra*, a claimant must prove that his or her psychiatric injury was caused by actual, extraordinary events at work, which events can be pinpointed in time, or by abnormal working conditions existing over a longer period of time. The record in the instant matter establishes neither. We agree with the Board that claimant's injury resulted from her subjective reaction to the stock attendant job. Although a change in job responsibilities can cause a psychiatric injury, we find nothing in the record that establishes working conditions legally sufficient to support an award of benefits.

Claimant's injury is due to her subjective reaction to normal working conditions. Claimant testified about her fears, e.g., her fear of acid and steam, but she did not prove the occurrence of actual, extraordinary events which caused those fears. Neither did she prove the existence of abnormal working conditions over a longer period of time. We note that claimant was a stock attendant for only a few days. We are

satisfied that the record establishes that claimant's injury was nothing more than a subjective reaction to normal working conditions.

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

## *ORDER*

**AND NOW,** this 20th day of October, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.