**SUPERVALU, INC. and Helmsmann Management Services, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PETTINATO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1998.
Decided Feb. 16, 1999.

Peter J. Weber, Philadelphia, for petitioner, Supervalu, Inc.

Randy T. Burch, Reading, for respondent.

Before DOYLE, J., KELLEY, J., and RODGERS, Senior Judge.

DOYLE, Judge.[1]

Supervalu, Inc. (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the claim petition of Nicholas C. Pettinato (Claimant).

Claimant worked for Employer as a dock supervisor in the shipping department. On July 9, 1993, Claimant filed a claim petition alleging that he suffered a work-related psychiatric injury on May 12, 1993, while in the course and scope of his employment. Employer filed an answer denying the allegations, and hearings were held before a WCJ on August 30, 1993, and December 7, 1993.

In support of his claim petition, Claimant testified on his own behalf and also presented the testimony of Timothy E. Ring, Ed. D., his treating psychologist. Dr. Ring testified that, based upon a number of visits with Claimant, he was able to render a diagnosis of acute paranoid disorder and adjustment reaction.[2] Dr. Ring ruled out bipolar disorder[3] due to the fact that Claimant did not show signs of mood swings. Dr. Ring further testified that Claimant experienced a number of work stressors that became overwhelming and caused Claimant to emotionally collapse and to become paranoid.

Employer presented the testimony of Harold Byron, M.D., as well as three of Claim-

---

1. This opinion was reassigned to the author on November 17, 1998.

2. Acute paranoid disorder is a severe but rare mental illness characterized by delusions of persecution.

3. Bipolar disorder is a condition characterized by dramatic mood swings between elation and depression.

ant's supervisors, Frank J. Obrecher, John Hull and Chris Henne. Dr. Byron, although agreeing with Dr. Ring's diagnosis of Claimant's paranoia, testified that he felt Claimant was also suffering from bipolar disorder, which is organic in nature. Dr. Byron testified that, although it is possible that an abusive work environment could cause Claimant to experience symptoms of the disorder, an abusive work environment alone would not produce a manic-depressive episode.

The WCJ found the evidence presented by Claimant to be credible and determined that Claimant was exposed to abuse and overwork at his job, which was not a normal or ordinary working environment and which caused Claimant to suffer a disabling psychiatric injury. Upon determining that Claimant had met his burden of proof in establishing that he suffered a psychological and compensable injury during the scope and course of his employment, the WCJ granted Claimant's ·claim petition and awarded him total disability benefits and $21,229.50 in medical expenses. Employer appealed from the WCJ's decision to the Board. The Board affirmed,[4] and this appeal followed.

On appeal,[5] Employer argues that (1) Claimant failed to satisfy the heightened burden of proof required to establish a "mental/mental" injury because he failed to present any evidence that would tend to corroborate his subjective perception of his allegedly abnormal working conditions; and (2) the conditions described by Claimant in his testimony before the WCJ, even if true, do not constitute abnormal working conditions for a busy warehouse shipping dock.

■■■ A psychiatric disability caused by work-related stress can be compensable under section 310(c) of the Workers' Compensation Act,[6] and, as with any other workers' compensation case, the claimant has the bur-

den to show that his or her disability is work-related. *Calabris v. Workmen's Compensation Appeal Board (American General Companies)*, 141 Pa.Cmwlth. 405, 595 A.2d 765 (1991). The degree of proof demanded of a claimant in such cases, however, is high. *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 96 Pa.Cmwlth. 613, 508 A.2d 624 (1986). In order to recover workers' compensation benefits for a psychiatric injury unaccompanied by physical trauma, a claimant must prove that: (1) he suffered a psychiatric injury (2) which was causally related to his employment (3) and was more than a mere subjective reaction to normal working conditions (4) for that kind of job. *Antus v. Workmen's Compensation Appeal Board (Sawhill Tubular Division, Cyclops Industries)*, 155 Pa.Cmwlth. 576, 625 A.2d 760 (1993), *aff'd*, 536 Pa. 267, 639 A.2d 20 (1994).

■■ A claimant must adequately identify actual, not merely perceived or imagined, employment events that have precipitated his psychiatric injury. *Pate v. Workmen's Compensation Appeal Board (Boeing Vertol Co.)*, 104 Pa.Cmwlth. 481, 522 A.2d 166, *petition for allowance of appeal denied*, 517 Pa. 611, 536 A.2d 1335 (1987), *cert. denied*, 484 U.S. 1064, 108 S.Ct. 1025, 98 L.Ed.2d 989 (1988). While objective evidence may well be necessary where an employee is describing subjective feelings concerning working conditions, no such evidence is necessary where actual events are being described. *Philadelphia Newspapers, Inc. v. Workmen's Compensation Appeal Board (Guaracino)*, 544 Pa. 203, 675 A.2d 1213 (1996). However, if a dispute exists with regard to whether a specific event, alleged to be abnormal, actually occurred, corroborative evidence is required from a claimant. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990). Whether a

---

4. The Board, however, remanded the case to the WCJ for submission of all evidence relied upon by the WCJ in reaching his award of $21,229.50 for Claimant's medical bills. On remand, the issue of outstanding medical expenses was resolved by agreement of the parties rendering this issue moot.

5. This Court's review is limited to determining whether there has been a violation of constitutional rights, whether an error of law has been

committed, whether there has been a violation of appeal board procedures or whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

6. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

work condition is abnormal and whether a claimant has met his burden of proof are questions of law reviewable by this court. *Blecker v. Workmen's Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 141 Pa.Cmwlth. 317, 595 A.2d 729 (1991), *aff'd*, 546 Pa. 83, 683 A.2d 262 (1996).

Employer first contends that the WCJ's conclusion that Claimant sustained a compensable work-related injury is erroneous because Claimant failed to identify actual, rather than perceived, employment events that precipitated his psychiatric injury.

Claimant testified that he had to perform the duties of his position, as well as the duties of a co-supervisor. Claimant testified that his managers were less experienced than he was and that he would also be required to perform some of their duties as well. He testified that he was the only supervisor with such a heavy workload. He further testified that he was repeatedly threatened and abused by his managers. Because Claimant described and pinpointed actual events in his testimony, Claimant was not required to offer further evidence.

■ Claimant's testimony is corroborated by one of the Employer's witnesses, Frank Obrecher. Obrecher testified that he required Claimant to help his co-supervisor complete his job duties and that this supervisor had a habit of leaving work early and disappearing at work. Obrecher testified that one of Claimant's managers was playing favorites and was making poor managerial decisions. Obrecher further testified that Claimant complained about the abusive treatment he received from two of his managers and that Claimant was heavily relied upon to make sure operations ran smoothly. The WCJ found this portion of Obrecher's testimony to be credible. We, therefore, conclude that the Board did not err in determining that Claimant sustained his burden of identifying actual events that precipitated his psychiatric injury.

Employer next contends that the Board committed an error of law in determining that Claimant satisfied his burden of proving abnormal working conditions because the conditions described by Claimant in his testimony, even if true, do not constitute abnormal working conditions for a busy warehouse shipping dock. Although we will not disturb the WCJ's credibility findings, we agree with Employer's argument that, even if the WCJ found Claimant's testimony to be credible, the conditions that Claimant described do not constitute abnormal working conditions.

The phraseology "abnormal working conditions" has developed into a shorthand expression for the critical distinction among those psychiatric injuries which are compensable because of the difficulty in establishing the necessary causal relationship between the employment and the mental disability. *Martin*, 523 Pa. at 519, 568 A.2d at 164. In *Martin*, our Supreme Court quoted with approval this Court's decision in *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa. Cmwlth. 471, 497 A.2d 290 (1985), *petition for allowance of appeal denied*, 516 Pa. 637, 533 A.2d 95 (1987):

A claimant must produce objective evidence which is corroborative of his subjective description of the working conditions alleged to have caused the psychiatric injury. Because psychiatric injuries are by nature subjective, we believe that if a claimant has met his burden of proving the existence of a psychiatric injury, he cannot rely solely upon his own account of working environment to sustain his burden of proving that the injury was not caused by a subjective reaction to normal working conditions. A claimant's burden of proof to recover workmen's compensation benefits for a psychiatric injury is therefore twofold: he must prove by objective evidence that he has suffered a psychiatric injury and he must prove that such injury is other than a subjective reaction to normal working conditions.

*Martin*, 523 Pa. at 519, 568 A.2d at 164–65. In addition, our Supreme Court added a footnote indicating that:

[o]ur acceptance of the Commonwealth Court's analysis should not be construed as approval of the Court's determinations of compensability in each of its prior cases. Review of the cases reveals decisions that

we find incompatible. However we do not find that to be a persuasive reason to distort the scheme of the Workmen's Compensation Act by extending benefits to these cases.

*Id.,* at 519 n. 3, 568 A.2d at 165 n. 3.

More recently, our Supreme Court in *Hershey Chocolate Co. v. Workmen's Compensation Appeal Board (Lasher),* 546 Pa. 27, 682 A.2d 1257 (1996), reaffirmed the standard the Court had set forth in *Martin:*

> The Commonwealth Court essentially has identified two different impetuses that trigger psychic injury in the absence of a physical stimulus—either a specific extraordinary event or abnormal working conditions of a longer duration. The parties interpret this 'objective test' as supplementing the standard of proof established in *Martin* for claimants seeking benefits for psychic injury resulting from mental stimulus. However, we do not view the Commonwealth Court's description of psychic injuries as emanating from either a specific extraordinary event or abnormal working conditions over time to establish an additional standard or burden of proof. Although it has been referred to by the Commonwealth Court as an objective test, the description is merely an exemplification of *Martin.* **The *Martin* standard is unchanged.**

*Lasher,* 546 Pa. at 41–42, 682 A.2d at 1264, citing *Philadelphia Newspapers, Inc. v. Workmen's Compensation Appeal Board (Guaracino),* 544 Pa. at 214–15, 675 A.2d at 1219 (emphasis added).

Although this Court had held that an increase in a claimant's work duties and responsibilities can constitute an abnormal working condition, *Bevilacqua v. Workmen's Compensation Appeal Board (J. Bevilacqua Sons, Inc.),* 82 Pa.Cmwlth. 511, 475 A.2d 959 (1984), we believe that *Bevilacqua* was one of those cases to which our Supreme Court was referring in the footnote in *Martin* when it expressed the Court's disapproval of some of this Court's former decisions; *Bevilacqua* is clearly inconsistent with the Supreme Court's holding in *Martin. Bevilacqua* was, of course, decided several years prior to *Martin* and *Lasher.* Thus, Claimant's reli-

ance on *Bevilacqua* to support his argument that the WCJ correctly granted benefits is erroneous.

 Here, Claimant's testimony identified actual events establishing that he experienced an increase in work responsibilities, but failed to establish that the events were abnormal working conditions. We find that the evidence was insufficient to establish that Claimant's mental injury was other than a subjective reaction to normal working conditions, as onerous as they seemed to have been from Claimant's viewpoint.

Accordingly, the order of the Board is reversed.

## *ORDER*

**NOW,** February 16, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed.

Dissenting opinion by Judge KELLEY.

KELLEY, Judge, dissenting.

I respectfully dissent.

Whether a working condition is abnormal must be determined in the context of a claimant's occupation. *Antus v. Workmen's Compensation Appeal Board (Sawhill Tubular Division, Cyclops Industries),* 155 Pa. Cmwlth. 576, 625 A.2d 760 (1993), *aff'd,* 536 Pa. 267, 639 A.2d 20 (1994); *Pate v. Workmen's Compensation Appeal Board (Boeing Vertol Company),* 104 Pa.Cmwlth. 481, 522 A.2d 166, *petition for allowance of appeal denied,* 517 Pa. 611, 536 A.2d 1335 (1987), *cert. denied,* 484 U.S. 1064, 108 S.Ct. 1025, 98 L.Ed.2d 989 (1988). Abnormal working conditions can generally be established by comparing the conditions of the claimant to those of his or her fellow employees performing similar duties or by showing a change in duties coupled with an increase in responsibilities. *Linskey v. Worker's Compensation Appeal Board (City of Philadelphia),* 699 A.2d 818 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied,* 550 Pa. 711, 705 A.2d 1312 (1998); *Berardelli v. Workmen's Compensation Appeal Board (Bureau of Personnel, State Workmen's Insurance Fund),* 134 Pa.Cmwlth. 450, 578 A.2d 1016

(1990), *petition for allowance of appeal denied*, 527 Pa. 625, 592 A.2d 46 (1991). Additionally, we have held that episodes of abuse and harassment over a period of time can also constitute an abnormal working environment. *Archer v. Workmen's Compensation Appeal Board*, 138 Pa.Cmwlth. 309, 587 A.2d 901 (1991) (an abnormal work environment was shown where claimant's supervisor shouted at her, suspended her, singled her out and treated her differently as compared to her work peers and caused security to remove her from the work premises).

Here, claimant testified and the WCJ found that claimant's working conditions were not similar to other supervisors at the company. Claimant was subjected to abusive treatment and was burdened with additional duties and responsibilities *that other supervisors were not.* Therefore, I believe that claimant established abnormal working conditions *in the context of his employment.* Accordingly, I dissent, and would affirm the order of the board awarding benefits to claimant.